[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-15443

_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2005
THOMAS K. KAHN
CLERK**

D. C. Docket No. 00-07878-CV-DTKH

PAUL QUINTANA,

Plaintiff-Appellant,

versus

KENNETH JENNE,
in his official capacity as Sheriff of
Broward County, Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 28, 2005)**

Before DUBINA, PRYOR and KRAVITCH, Circuit Judges.

PRYOR, Circuit Judge:

The question in this appeal is whether the district court properly awarded attorney's fees to a prevailing defendant, even though the plaintiff, Paul Quintana, who alleged racial discrimination and retaliation in employment, established a prima facie case on one of his two claims for relief. Because the presentation of a prima facie case in response to a motion for summary judgment means that a claim necessarily cannot then be considered frivolous, we conclude that the district court abused its discretion by awarding fees for the defense against the claim that was not frivolous. Although we affirm the decision of the district court for the defense against the frivolous claim, we reverse the decision to award attorney's fees for the defense against the other claim and vacate the order that awarded $73,890 in attorney's fees. We remand this case so that the district court can calculate the amount of attorney's fees attributable to the defense against the frivolous claim.

## I. BACKGROUND

Quintana, a Hispanic male, worked as a deputy sheriff for Broward County, Florida, from 1991 until his termination in 2002. In 1998, Quintana passed an examination and became eligible for promotion to sergeant. The district chiefs of the Sheriff's Office were responsible for submitting recommendations for promotion when vacancies occurred in the sergeant ranks. The chiefs submitted two or three names from the eligibility lists to a group of officers that discussed the

2

candidates with a colonel. The colonel then made the final recommendation regarding promotions to the Sheriff.

Of the 137 officers who became eligible for promotion to sergeant in 1998, fifty-two were promoted by 2000, when the 1998 eligibility list expired. Of those fifty-two, only three were Hispanic, but there is no information in the record regarding the total number of Hispanics on the eligibility list. Although Quintana was not promoted from the 1998 eligibility list, Chief George Brennan, who supervised the district in which Quintana worked, did not recommend any of his subordinates for promotion from that list. Quintana renewed his eligibility for promotion in 2000. In late 2001, Chief Brennan recommended for promotion three officers from his district, none of whom were Hispanic. When Brennan made these recommendations, Quintana was suspended with pay due to disciplinary matters.

In October 1999, Quintana requested a copy of the 1998 eligibility list from the Human Resources Department of the Sheriff's Office. His request was not granted and was forwarded to Brennan. Quintana alleged that, in December 1999, Brennan held a meeting with Quintana and two senior officers. Quintana alleged that Brennan expressed anger towards Quintana for violating the chain of command by attempting to obtain the eligibility list from Human Resources.

Quintana alleged that he then told Brennan that he wanted the list because he believed he was not promoted in 1998 because he was Hispanic.

On October 13, 1999, a citizen complained to the Sheriff that Quintana stopped motorists in an improperly-marked road block and called one of the stopped motorists, a black female, a "stupid fucking nigger." Brennan assigned one of the two senior officers present in the December 1999 meeting between Brennan and Quintana to investigate the allegations. Brennan forwarded the investigation to the Professional Standards Committee (PSC) for additional review and, if appropriate, a recommendation for punishment. In April 2000, the PSC sustained charges against Quintana and recommended a ten-day suspension. Sheriff Kenneth Jenne approved this suspension.

In December 2000, Quintana filed a lawsuit against Sheriff Jenne, in his official capacity, in which Quintana alleged that Jenne discriminated against him based on his race when Quintana was not promoted to a position for which he was eligible. Quintana also alleged that Jenne retaliated against him for complaining about racial discrimination when Jenne denied Quintana another promotion and punished him more harshly than comparable officers for his misconduct. As to each claim, Quintana alleged that Jenne violated provisions of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. section 1981.

Also in December 2000, Quintana responded to a report that someone was illegally dumping motor oil into a storm drain. Although both the individual who reported the incident and the alleged perpetrator were present when Quintana arrived, Quintana wrote in his daily log that the suspect was gone on arrival. The Sheriff's Office investigated this charge, and Quintana admitted that he had falsely reported the incident in his log. Brennan referred this investigation to the PSC, and the PSC recommended that Quintana be terminated. After a May 24, 2001, meeting between Quintana, his lawyers, and lawyers for the Sheriff's Office, the recommendation was changed to a twelve-day suspension. Jenne approved this suspension. During Quintana's suspension, Brennan recommended three subordinates for promotion.

On August 7, 2002, Jenne terminated Quintana for reckless display of a weapon that occurred in March 2002. In October 2003, Quintana pleaded nolo contendere to misdemeanor charges stemming from the same incident. Quintana did not amend his complaint to include his termination.

The district court granted summary judgment for Jenne on both claims. The district court found that Quintana did not establish a prima facie case to support his claim of retaliation. Although the district court determined that Quintana established a prima facie case for his claim of discrimination regarding his

promotion, the court concluded that Quintana "failed to advance sufficient evidence for a reasonable fact finder to conclude that [Jenne's] legitimate, nondiscriminatory reasons for not promoting him were pretextual." Quintana did not appeal the summary judgment against him.

Jenne moved for attorney's fees as a prevailing party under 42 U.S.C. section 2000e-5(k) and 42 U.S.C. section 1988, and moved for fees under 28 U.S.C. section 1927 and Fed. R. Civ. P. 11. The district court applied the factors delineated in Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985), and found that both of Quintana's claims were frivolous. The court awarded Jenne attorney's fees under 42 U.S.C. section 2000e-5(k) and 42 U.S.C. section 1988 for defending against both claims, but denied Jenne's motion for attorney's fees under Fed. R. Civ. P. 11 and 28 U.S.C. section 1927. Quintana appealed. Because the district court had not awarded a specific amount of fees, the order was not final and appealable, and we dismissed for lack of appellate jurisdiction. The district court then awarded Jenne $73,890 in attorney's fees, and Quintana appealed.

## II. STANDARD OF REVIEW

We review for abuse of discretion the award of attorney's fees to Jenne. Sayers v. Stewart Sleep Center, Inc., 140 F.3d 1351, 1353 (11th Cir. 1998). "A

6

district court by definition abuses its discretion when it makes an error of law."

Koon v. United States, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047 (1996).

## III. DISCUSSION

Although attorney's fees are typically awarded to successful Title VII plaintiffs as a matter of course, prevailing defendants may receive attorney's fees only when the plaintiff's case is "frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978). Factors that are "important in determining whether a claim is frivolous" include "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan, 773 F.2d at 1189. These factors "are general guidelines only, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." Id.

To resolve this appeal, we address three matters. We first consider whether Quintana's retaliation claim was frivolous and whether the district court abused its discretion by awarding Jenne attorney's fees for defending against that claim. We then consider whether Quintana's discrimination claim was frivolous and whether the district court abused its discretion by awarding Jenne attorney's fees regarding

7

that claim.  Finally, we address the propriety of awarding and apportioning attorney's fees for defending against one frivolous claim while denying fees for another claim that, while unsuccessful, was not frivolous.

### A. Quintana's Retaliation Claim Was Frivolous.

Our analysis is straightforward regarding two of the Sullivan factors, as the record plainly supports the analysis of the district court.  The district court concluded, in its order of summary judgment, that Quintana failed to establish a prima facie case of retaliation, and Quintana did not appeal that ruling.  Because the district court entered summary judgment for Jenne before trial, and Quintana failed to establish a prima facie case, the first and third factors of the Sullivan guidelines support the determination of the district court that Quintana's retaliation claim was frivolous.

As to the second Sullivan factor, we have no way of knowing whether a settlement offer, if made, was of a sufficient amount to support a determination that Quintana's claim was not frivolous.  Jenne does not deny making an offer of settlement, but maintains that any settlement offer should not be considered because it would have been made only as an attempt to comply with court-ordered mediation.  We are unaware of any authority that would preclude us from considering a settlement offer made during mediation, but the amount of the offer

8

is a necessary factor in evaluating whether a settlement offer militates against a determination of frivolity. See Bonner v. Mobile Energy Serv. Co., 246 F.3d 1303, 1305 (11th Cir. 2001). In the absence of evidence of an offer of a substantial amount in settlement, this factor does not support either party.

Applying all three Sullivan factors, we conclude that Quintana's retaliation claim was frivolous. The first and third Sullivan factors support a determination of frivolity, and the second factor offers no support for either party. The district court did not abuse its discretion when it awarded attorney's fees to Jenne for Quintana's retaliation claim.

*B. Quintana's Discrimination Claim Was Not Frivolous.*

The decision of the district court to award fees to Jenne for the defense of Quintana's discrimination claim is more problematic. The district court determined and Jenne concedes that Quintana established a prima facie case of racial discrimination. After Quintana failed to prove that Jenne's proffered reason for denying Quintana the promotion was pretexual, the district court ruled that Quintana's discrimination claim was frivolous. Our precedent precluded that ruling.

Our controlling authority is EEOC v. Reichhold Chemicals, Inc., in which we held that a district court abused its discretion when it awarded a defendant

attorney's fees for defending against a Title VII claim after the plaintiff had established a prima facie case. 988 F.2d 1564, 1571-72 (11th Cir. 1993). We explained that a "[p]laintiff should not be assessed fees . . . because a defendant can offer convincing non-discriminatory reasons for its actions." Id. Our reasoning in Reichhold regarding an award of fees for a defendant when the plaintiff has established a prima facie case is equally applicable to Quintana:

> The plaintiff relied on . . . circumstantial evidence to establish a prima facie case. Admittedly, defendant's counsel presented convincing proof of non-discriminatory reasons for each [employment action] and defeated [the plaintiff's] claims on the merits; the cumulative effect of these employment actions and their timing, however, was sufficient to meet the plaintiff's initial burden. Accordingly, the retaliation claims were not frivolous and the district court abused its discretion in awarding fees . . . .

Id. Because the failure of Quintana to prove pretext was an impermissible basis for a finding of frivolity, the district court abused its discretion when it awarded attorney's fees to Jenne for the defense of Quintana's discrimination claim.

### C. Attorney's Fees May Be Apportioned and Awarded for One Frivolous Claim Despite the Denial of Fees For Another Claim.

Because we conclude that one of Quintana's claims was frivolous and the other was not, we must next decide whether attorney's fees may be awarded to a defendant in a Title VII action when a frivolous claim is joined with an unsuccessful claim that is not frivolous. In resolving this issue, we are guided by

10

one precedent of our Court and a decision of the Supreme Court, and we are persuaded by decisions of the First and Seventh Circuits directly on point. All of these decisions convince us that an apportionment and award of fees to Jenne for the defense of Quintana's retaliation claim is necessary.

Our relevant precedent is Head v. Medford, in which we held that a district court abused its discretion when it denied a defendant's motion for attorney's fees after a plaintiff brought a frivolous federal civil rights claim along with several state claims. 62 F.3d 351, 356 (11th Cir. 1995). In that case, the plaintiff filed his complaint in state court, and the defendants removed the case to federal court. The federal court dismissed the federal claim, denied the defendants' motion to exercise supplemental jurisdiction over the state claims, and dismissed the state claims without prejudice. Id. at 353. The defendants moved for attorney's fees under Christianburg, but the district court denied the motion without explanation. Id. at 353-54. We held that, because the federal civil rights claim was "frivolous as a matter of law," the defendants were entitled to attorney's fees. Id. at 356. We remanded the case to the district court, "confident that court [would] be able properly to weigh and assess the amount of attorneys' fees realistically attributable solely and exclusively to the plaintiff's federal due process claims and not to the defendants' attempt to litigate state law claims in federal court." Id. Although we

11

did not determine whether the state law claims were frivolous, our decision established that a district court should and is able to determine the amount of fees warranted for a defense against one frivolous claim.

We also find a decision of the Supreme Court instructive. In Hensley v. Eckerhart, the Court decided that a court should award partial attorney's fees to a prevailing plaintiff when the plaintiff "failed to prevail on a claim that is distinct in all respects from his successful claim." 461 U.S. 424, 440, 103 S. Ct. 1933, 1943 (1983). The Court stated that there was "no certain method of determining when claims are 'related' or 'unrelated,'" id. at 437 n.12, 103 S. Ct. at 1941 n.12, and counsel should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Id. at 437, 103 S. Ct. at 1941. The Court noted, in dicta, that, if a plaintiff succeeds on one claim but also asserts a frivolous claim unrelated to the successful claim, "the defendant may recover attorney's fees incurred in responding to" the frivolous claim. Id. at 435 n.10, 103 S. Ct. 1933, 1940 n.10.

We are also informed and persuaded by two decisions of our sister circuits that follow the logic of Head and Hensley and are directly on point. In Ward v. Hickey, the First Circuit held that a district court abused its discretion when it denied attorney's fees for all claims in a case where some claims were frivolous

12

and others were not.  996 F.2d 448, 455 (1st Cir. 1993).  The district court found that all of the claims were interrelated, and, therefore, that no award was permissible.  Id.  The First Circuit held that interrelation was only a factor in calculating the amount of a fee award, and could not be used "to decide not to grant any fees."  Id.  The First Circuit concluded that, despite the high bar defendants must satisfy to receive fees in civil rights cases, fee awards are still necessary to deter frivolous claims:

> The standard for a civil rights defendant to receive fees is high to encourage legitimate civil rights claims.  On the other hand, frivolous civil rights claims waste judicial resources that would otherwise be used for legitimate claims.  Accordingly, a district court should not deny fees for defending frivolous claims merely because calculation would be difficult.

Id. at 455-56 (internal citations omitted).  Similarly, in Curry v. A.H. Robins Co., the Seventh Circuit held that a district court did not abuse its discretion when it awarded attorney's fees for a frivolous claim brought under 42 U.S.C. section 1983, even though other claims the plaintiff had asserted may not have been frivolous.  775 F.2d 212, 220-21 (7th Cir. 1985).  "The fact that other claims have been raised . . . which might not properly be characterized as frivolous, does not require this court to reverse the district court's award of attorney's fees."  Id.

In none of these cases has a court held that a civil rights defendant may receive attorney's fees for an unsuccessful claim that is not frivolous.  Such a

13

holding would frustrate the goal of Congress that the provisions of Title VII be enforced vigorously. See, e.g., Christianburg, 434 U.S. at 422, 98 S. Ct. at 701. But it would also undermine the intent of Congress to allow plaintiffs to prosecute frivolous claims without consequences merely because those claims were joined with unsuccessful claims that were not frivolous. See, e.g., id. at 419-20, 98 S. Ct. at 699-700.

Quintana distinguished his retaliation claim from his racial discrimination claim in his complaint. The arguments he made regarding each claim were distinct, although some of the facts supporting each claim were common to both claims. As in Head, we are confident that the district court will be able properly to weigh and assess the amount of attorney's fees attributable exclusively to Quintana's frivolous retaliation claim.

## IV. CONCLUSION

We affirm the decision to award Jenne attorney's fees for the defense against the claim of retaliation, which was frivolous, but we reverse the decision to award fees for the defense against the claim of discrimination, which was not frivolous. We vacate the award of $73,890 in attorney's fees and remand this case so that the district court can determine the amount of attorney's fees owed Jenne for services reasonably and exclusively incurred in the defense against Quintana's retaliation

14

claim.  The judgment of the district court is

      **AFFIRMED** in part, **REVERSED AND VACATED** in part, and

**REMANDED.**